IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00126-MR

| | |
|---|---|
| BRANDON PICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JONATHAN C. MORGAN, et al., | )  ORDER |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint.[1] [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I. BACKGROUND**

The pro se Plaintiff, who is incarcerated at the Alexander Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incidents that have allegedly occurred at the Asheville Police Department. [Doc. 10]. He names as Defendants: Jonathan C. Morgan, an officer with the Asheville Police Department and the Buncombe County Sheriff's Department; "SNAP, Inc. (Snap Chat) Law Enforcement

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint [Doc. 1] was reviewed for frivolity.

Operations," a private company located in Santa Monica, California; and Berenise Estrada, a "law enforcement operations" employee of SNAP, Inc. [Id. at 2-3]. The Plaintiff claims that the Defendants violated the Fourth Amendment as follows:

> On [July 26, 2019], Jonathan Morgan returned a search warrant that was issued by Honorable W. Erwin Spainhour and for which was issued in the matter of custodian records for Plaintiff's SnapChat user name 'namebrand98' at SNAP, Inc., located at 2772 Donald Douglas Loop North, Santa Monica, CA 90405. After receiving said records from Berenise Estrada at SNAP, Inc. law enforcement operations and downloading said records on 7/26/19 at 12:32 PM for items that was seized from SNAP, Inc. on 5/15/19, 5/16/19, and 7/25/19; in violation of N.C.G.S. § 15A-248.[2]

[Id. at 3-5]. For injury, he claims:

> These items affected the length of my current sentence of imprisonment because it was forwarded to the local district attorney prosecuting my case for the underlying convictions for consideration and an indictment for habitual felony status.

[Id. at 5]. The Plaintiff seeks injunctive relief, a declaratory judgment, and compensatory and punitive damages.

---

[2] "A search warrant must be executed within 48 hours from the time of issuance. Any warrant not executed within that time limit is void and must be marked 'not executed' and returned without unnecessary delay to the clerk of the issuing court." N.C. Gen. Stat. § 15A-248.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law."

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted).

Here, the Plaintiff names as Defendants SNAP, Inc. and Estrada, a private entity and an employee of that entity, respectively. The Plaintiff claims that these Defendants are liable under § 1983 merely because they provided law enforcement with information about the Plaintiff pursuant to a search warrant. However, their mere compliance with a search warrant fails to establish that they were state actors under § 1983. See, e.g., Mitchell v. St. Elizabeth Hosp., 119 F. App'x 1 (7th Cir. 2004) (affirming dismissal of § 1983 claims on initial review because a hospital did not act under the color of law when it released plaintiff's medical records in compliance with a

4

warrant). Accordingly, the claims against Defendants SNAP, Inc. and Estrada are dismissed.

As to Defendant Morgan, the Plaintiff has failed to state a § 1983 claim. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment requires "only three things" with respect to search warrants. Dalia v. United States, 441 U.S. 238, 266 (1979). The warrant must: (1) be issued by a "neutral and detached" magistrate; (2) contain a particular[] descript[tion of] the place to be searched, and the persons or things to be seized;" and (3) be based on "probable cause, supported by Oath or affirmation." Id.; United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994). Searches conducted pursuant to a validly issued warrant carry a presumption of legality which can be overcome "if the scope of the search exceeds that permitted by the terms of the validly issued warrant ... the subsequent seizure is unconstitutional." Wilson v. Layne, 526 U.S. 603, 611 (1999).

Here, the Plaintiff claims that that Defendant Morgan returned a search warrant that violated Section 15A-248 of the North Carolina Criminal Procedure Act. [See Doc. 10 at 5]. However, he fails to explain how he

5

believes Defendant Morgan violated the Fourth Amendment. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Construing the Amended Complaint liberally, the Plaintiff appears to suggest either that evidence was examined more than 48 hours after it was seized, or that the evidence was seized more than 48 hours after the warrant was issued.[3] As to the first scenario, examining evidence outside the period provided in Section 15A-248 does not violate the Fourth Amendment. See, e.g., United States v. Carrington, 700 F. App'x 224 (4th Cir. 2017) (finding no Fourth Amendment violation where a cellular phone was initially seized during the warrant period, but forensic analysis was completed and text messages were recovered after the warrant period expired).

---

[3] The Plaintiff also alleged in the Complaint that Defendant Morgan conducted a search and seized evidence before obtaining a search warrant. [Doc. 1 at 5]. However, he does not reassert that claim in the Amended Complaint. See generally Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citations omitted).

As to the second scenario, several circuits have concluded that the execution of an expired search warrant does not violate the Fourth Amendment because a search warrant is not constitutionally required to have an expiration date. See United States v. Gerber, 994 F.2d 1556, 1559 (11th Cir. 1993) ("The Fourth Amendment does not specify that search warrants contain expiration dates"); United States v. Nyah, 928 F.3d 694 (8th Cir. 2019) (finding that a minor violation of Rule 41 in seizing evidence one day after the time limit for execution of a warrant expired did not violate the Fourth Amendment because it was reasonable); United States v. Jarman, 847 F.3d 239, 266 (5th Cir. 2017) (collecting cases). Although the Fourth Circuit does not appear to have decided whether the execution of expired warrant violates the Fourth Amendment, it has distinguished circuit findings that the execution of an expired warrant does not violate the Fourth Amendment if probable cause remains present, from the execution of a daytime warrant at night without justification that violates the Fourth Amendment because a nighttime search was never authorized. Yanez-Marquez v. Lynch, 789 F.3d 434, 467 n. 20 (4th Cir. 2015). Here, the Plaintiff does not allege that probable cause dissipated before the warrant was executed, or that it suffered from any other constitutional infirmity.

Accordingly, the Plaintiff's allegation that Defendant Morgan violated Section 15A-248 fails to establish a plausible Fourth Amendment claim.

Even if the Plaintiff could state a plausible Fourth Amendment claim, it would be barred by abstention principles. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). Here, the Plaintiff claims that Defendant's alleged Fourth Amendment violation affected the length of his current sentence. [Doc. 10 at 5]. Accordingly, success on the Plaintiff's Fourth Amendment claim would necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter. The Plaintiff, however, has not

8

alleged that his conviction or sentence have been reversed or otherwise invalidated. Therefore, his Fourth Amendment claim is also barred by Heck.[4]

The Court will dismiss this action with prejudice because the Plaintiff has already amended his complaint once and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

---

[4] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) 28 U.S.C. § 2254. The Plaintiff has recently filed several § 2254 actions in this Court. See, e.g., Case Nos. 1:20-cv-353-MR, 1:22-cv-102-MR, 1:22-cv-127-MR, 1:22-cv-129-MR. The Court makes no determinations about the potential merit or procedural viability of any pending or future § 2254 actions.

**IT IS SO ORDERED.**

Signed: March 28, 2023

Martin Reidinger
Chief United States District Judge